UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTWAIN HINES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:19-cv-04672-JPH-DLP |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Antwain Hines' petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISR 19-07-0012. For the reasons explained in this Entry, Mr. Hines' petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

**B. Disciplinary Proceeding**

On July 1, 2019, Indiana Department of Correction ("IDOC") Investigator C. Nelms wrote a Report of Conduct charging Mr. Hines with a violation of Code B-212, battery, as follows:

> On June 12, 2019 at approximately 8:55 am video Surveillance shows offender Hines, Antwain DOC 108729 exit his cell (22-5B) and then enter Offender Cockerell, Bobby DOC192197 cell (18-5B). Offender Hines comes out of Offender Cockerell's cell striking Offender Cockerell with his left hand while Offender Cockerell is engaged in a fight with Of[f]ender Boykins, Deadrian DOC 201883. See video footage in the DHB file.

Dkt. 8-1.

On July 11, 2019, due to a threat to the DHB, staff were unable to enter the range, and Mr. Hines refused to be screened. Dkt. 8-2. The Notice of Disciplinary Hearing Screening Report indicated that Mr. Hines pled not guilty and did not request any physical evidence. *Id.*

The disciplinary hearing officer ("DHO") prepared the following summary of the video evidence on July 18, 2019:

> 8:55:23 all cell doors open and Ofd. Hines, Antwain 108729 22-5B walks out of his cell with gloves on his hands.
>
> 8:55:40 Ofd. Hines enters cell 18-5B which belongs to Ofd. Cockerell, Bobby 192197 with Ofd. Boykins, Deadrian 201883.
>
> 8:55:50 all the cell doors on the range start to close and Ofd. Hines, Ofd. Cockerell, and Ofd. Boykins exit cell 18-5B. Ofd. Boykins and Ofd. Cockerell are actively fighting.
>
> 8:55:57 Ofd. Hines looks to be in a fighting stance with his left side facing towards the fight and is directly next to Ofd. Boykins and Cockerell.
>
> 8:56:01 Ofd. Hines lunges forward with his left side of his body a couple times and you can see Ofd. Cockerell getting hit in his face with a dark complexed arm.

Dkt. 8-4.

Mr. Hines' disciplinary hearing was held on July 29, 2019, and he stated: "I never put my hands on the man. I didn't fight this dude. I was hoping at least we could drop this to a C. Me and

2

dude was alright. We didn't have any problems." Dkt. 8-3. The DHO reviewed the conduct report and the video and found Mr. Hines guilty of battery. *Id*. His sanctions included a deprivation of 90-days' earned credit time. *Id*.

Mr. Hines appealed to the Facility Head and his charge was modified to a violation of Code B-240/212, aiding another person to commit battery.[1] Dkt. 8-5. Mr. Hines' subsequent appeal to the IDOC Final Reviewing Authority was denied. Dkt.8-6. He then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.

### C. Analysis

Mr. Hines asserts two grounds for habeas relief in his petition: (1) that he did not receive 24-hour advanced written notice of the modified charge of aiding another to commit battery and was not given a disciplinary hearing on the modification; and (2) there was insufficient evidence to support the modified charge. *Id*.

#### 1. Notice

Mr. Hines does not dispute that he was given 24-hour notice of the original charge of battery. The conduct report provides details of the incident including that Mr. Hines exited his cell, entered Offender Cockerell's cell, and exited Offender Cockerell's cell striking him with his left hand while Offender Cockerell was fighting with Offender Boykins. Dkt. 8-1. Mr. Hines' charge was modified because the Facility Head did not see Mr. Hines hit Offender Cockerell on the video. Dkt. 8-5. Rather, the Facility Head observed that Mr. Hines took an aggressive stance while aiding Offender Boykins. *Id*.

---

[1] The Facility Head found no due process violations and did not see Mr. Hines strike Offender Cockerell, but found that Mr. Hines maintained "a bladed aggressive stance" and that the video shows he aided Offender Boykins. Dkt. 8-5.

3

If the facts of the initial charge are "sufficient to apprise [the petitioner] that he could be subject to a [different] charge," due process is not violated because the defendant is on notice that he could be subject to a different charge and has all the factual information necessary to prepare a defense against that charge. *Northern v. Hanks*, 326 F.3d 909, 910-11 (7th Cir. 2003) (citations omitted); *see Moshenek v. Vannatta*, 74 F. App'x 639, 641 (7th Cir. 2003) (noting that the Seventh Circuit in *Northern* held that the "notice of the original offense is sufficient where the modified charge has the same factual basis.").

The Facility Head did not make the determination that Mr. Hines did not hit Offender Cockerell – he modified the charge from battery to the lesser severe offense of aiding and abetting to commit battery because he could not see Mr. Hines definitively hit the other inmate from the video footage. Due process permits the prison staff to later modify the inmates' charge—but only if the original notice included "all information he needed to defend against the [amended] charge." *Northern*, 326 F.3d at 911.

In his reply, Mr. Hines concedes that "it is probably true that a prisoner who is screened for battery (where multiple individuals are involved) may typically have received sufficient notice that he could also be found of aiding another to commit battery, the facts of [his] case do not support such a finding." Dkt. 14 at 7. Mr. Hines contends that the conduct report states that the other offenders were "fighting," which is different than battery, and this only provided him notice that he could be found guilty of aiding another to fight. *Id.* at 7-8. However, the Court is unpersuaded by this argument and finds that the conduct report is not inconsistent with Mr. Hines' modified charge simply because the reporting officer did not write that the other offenders "battered" each other. Physical fighting may often result in and be encompassed by battery, "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner[.]" Dkt.

4

8-7 at 1. The IDOC Adult Disciplinary Process Appendix I: Offenses even lists Code 372 "fighting" as a lesser included offense of battery. *Id.* at 5, 12.

Mr. Hines' modified charge is not fundamentally different from the original. None of the underlying facts of the original charge changed, and the Court finds that Mr. Hines' collection of evidence to defend against a charge of battery he was alleged to have committed would not have been different than that of aiding and abetting another to commit battery in the same fighting incident between Offenders Cockerell and Boykins. Therefore, notice of the original offense was sufficient. Mr. Hines was notified that he should prepare his defense to a charge of battery, a Class B offense. It would only reasonably follow that this notice in conjunction with the details of the incident laid out in the conduct report apprised Mr. Hines that he could be subjected to a lesser charge of a Class B-240 as it pertains to aiding or abetting in the commission of battery. Dkt. 8-7 at 7. Neither revised notice nor a new hearing were required after such modification to the lesser charge.

Accordingly, Mr. Hines' due process rights were not violated by the modification of the charge on appeal, and no habeas relief is available to Mr. Hines on this ground.

### 2. Sufficiency of the evidence

Mr. Hines argues that there is insufficient evidence to support the modified charge of aiding Offender Boykins in committing battery because "merely being present or standing in any particular type of way is not evidence of assisting anyone." Dkt. 1 at 5.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the

5

record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Code B-240/212 punishes attempts to commit other Class B offenses and includes "aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B Offense," in this case "committing a battery upon another person." Dkt. 8-7 at 5, 7. Aiding and abetting is defined as any of the following actions:

> Telling, hiring, commanding, inducing, counseling another person to commit a violation; [a]ssisting another person in planning or preparing for a violation; [a]ssisting another during the commission of an offense, whether or not the assistance was planned in advance; or, [a]ssisting another to prevent the discovery of a violation or the identity of the person who committed the violation.

Dkt. 8-8 at 2. The DHO's decision and the Facility Head's modification of Mr. Hines' charge were supported by "some evidence." Mr. Hines entered Offender Cockerell's cell and exited with both the offenders, who were fighting. Mr. Hines visibly adopted a fighting stance and lunged toward Offender Cockerell while he fought with Offender Boykins. This evidence reflected in the conduct report and the video provide "some evidence" to support the lesser, modified charge that Mr. Hines aided and abetted another in the commission of battery. Therefore, he is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Hines to the relief he seeks.

Accordingly, Mr. Hines' petition for a writ of habeas corpus is **denied** and this action is **dismissed** with prejudice.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTWAIN HINES
108729
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov